A CERTIFIED TRUE COPY
ATTEST

By Debbie Nguyen on Jun 11, 2010

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Filed
RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 1 1 2010

UNITED STATES JUDICIAL PANEL
JAMES N. HATTEN, Clerk
By: /s/ M. Callier
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 11, 2010

FILED
CLERK'S OFFICE

IN RE: CAPITAL ONE BANK CREDIT CARD
INTEREST RATE HIKE LITIGATION

Kevin S. Barker, et al. v. Capital One Bank (USA), N.A., )
   N.D. Georgia, C.A. No. 1:09-2692 )
Nancy Mancuso, et al. v. Capital One Bank (USA), N.A., )
   et al., E.D. Virginia, C.A. No. 1:10-326 )

MDL No. 2171

## TRANSFER ORDER

**Before the entire Panel**: Plaintiffs in the Eastern District of Virginia action have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Eastern District of Virginia. Plaintiffs in the Northern District of Georgia action support the motion. Defendants Capital One Financial Corp. and its wholly-owned subsidiary, Capital One Bank (USA), N.A., (collectively Capital One) oppose centralization or, alternatively, request that the Panel stay its ruling until pending dispositive motions are resolved. Alternatively, defendants suggest centralization in the Northern District of Georgia.

This litigation currently consists of two actions pending in two districts, one action each in the Northern District of Georgia and the Eastern District of Virginia.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that Capital One unilaterally increased interest rates on customers' credit card accounts without notice. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

Capital One does not dispute that these actions share questions of fact, but rather has

---

[1] An additional action pending in the District of Massachusetts was included on the motion, but plaintiff has since voluntarily dismissed the action.

The parties have notified the Panel that two additional related actions are pending, one action each in the Central District of California and the Northern District of Georgia. These actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

requested that the Panel stay its decision until resolution of pending motions in the two Northern District of Georgia actions. However, the summary judgment motion in the Northern District of Georgia *Barker* action was only just recently filed and is not fully briefed. Moreover, an additional action was recently filed in the Central District of California. Therefore, including the Eastern District of Virginia action, it does not appear that this docket is likely soon to lose its multidistrict character.

We are persuaded that the Northern District of Georgia is an appropriate transferee forum for this litigation. The first-filed actions are pending in that district, and in the Northern District of Georgia *Barker* action, discovery has begun and a motion for summary judgment is pending.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending outside the Northern District of Georgia is transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable J. Owen Forrester for coordinated or consolidated pretrial proceedings with the action pending there.

IT IS FURTHER ORDERED that this litigation is renamed "In re: Capital One Bank Credit Card Interest Rate Litigation."

PANEL ON MULTIDISTRICT LITIGATION

ATTEST: A TRUE COPY
CERTIFIED THIS

JUN 11 2010

James N. Hatten, Clerk
By:
Deputy Clerk

_____
John G. Heyburn II
Chairman

Robert L. Miller, Jr.            Kathryn H. Vratil
David R. Hansen                  W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.            Barbara S. Jones

A CERTIFIED TRUE COPY
ATTEST

By Debbie Nguyen on Jun 11, 2010

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 11, 2010

FILED
CLERK'S OFFICE

## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: CAPITAL ONE BANK CREDIT CARD
INTEREST RATE LITIGATION

MDL No. 2171

### ORDER RENAMING LITIGATION

When this litigation was commenced on April 12, 2010, with the filing of a motion by plaintiffs Nancy Mancuso and Traci Roberti for transfer pursuant to 28 U.S.C. § 1407, the Clerk of the Panel captioned it as *IN RE: Capital One Bank Credit Card Interest Rate Hike Litigation.* Pursuant to the Panel's Transfer Order issued on June 11, 2010, it is appropriate at this time to rename MDL No. 2171.

IT IS THEREFORE ORDERED that this litigation is renamed as *IN RE: Capital One Bank Credit Card Interest Rate Litigation.*

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

RECEIVED IN CLERK'S OFFICE
U.S.
JUN 11 2010

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

CHAIRMAN:
John G. Heyburn II
United States District Court
Western District of Kentucky

MEMBERS:
Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Kathryn H. Vratil
United States District Court
District of Kansas

David R. Hansen
United States Court of Appeals
Eighth Circuit

W. Royal Furgeson, Jr.
United States District Court
Northern District of Texas

Frank C. Damrell, Jr.
United States District Court
Eastern District of California

Barbara S. Jones
United States District Court
Southern District of New York

DIRECT REPLY TO:

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax: [202] 502-2888
http://www.jpml.uscourts.gov

June 11, 2010

James N. Hatten, Clerk
2217 Richard B. Russell Fed. Bldg. & U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303-3309

Re: MDL No. 2171 -- IN RE: Capital One Bank Credit Card Interest Rate Hike Litigation

Dear Mr. Hatten:

Attached as a separate document is a certified copy of a transfer order that the Judicial Panel on Multidistrict Litigation issued today in the above-captioned matter. The order is directed to you for filing. Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 428 (2001), states "A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district."

Today we are also serving an information copy of the order on the transferor court(s). The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred [transferor court]."

Rule 1.6(a), pertaining to transfer of files, states "the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action." **With the advent of electronic filing, many transferee courts have found that it is not necessary to request the original file. Some transferee courts will send their certified copy of the Panel order with notification of the newly assigned transferee court case number and inform the transferor courts that they will copy the docket sheet via PACER. Others may request a certified copy of the docket sheet and a copy of the complaint (especially if it was removed from state court). You should be specific as to the files you would like to receive from the transferor courts and if no files will be necessary, you should make that clear. Therefore, Rule 1.6(a) will be satisfied once a transferor court has complied with your request.**

You may find Chapter 7 of Volume 4 of the Clerks Manual, United States District Courts helpful in managing the MDL docket.

The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. Therefore, we would appreciate your cooperation in keeping the Panel advised of the progress of this litigation. We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders regarding appointment of liaison counsel, settlements, dismissals, state court remands, and reassignments to other judges in your district.

-2-

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon notification from your court of a finding by the transferee judge suggesting to the Panel that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

Attached to this letter, for your information, is a copy of the Panel Service List. Listed below is the transferor clerk information:

> Fernando Galindo, Clerk
> Albert V. Bryan U.S. Courthouse
> 401 Courthouse Square
> Alexandria, VA 22314-5798
> **VAEDdb_MDLPANEL/VAED/04/USCOURTS**

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _____
Debbie Nguyen
Case Administrator

Attachments (Transfer Order is a Separate Document)

cc:  Transferee Judge: Judge J. Owen Forrester
     Chief Judge Transferee District: Judge Julie E. Carnes

JPML Form 33

# Judicial Panel on Multidistrict Litigation - Panel Service List
## for
## MDL 2171 - IN RE: Capital One Bank Credit Card Interest Rate Hike Litigation

*** Report Key and Title Page ***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**
   * Signifies that an appearance was made on behalf of the party by the representing attorney.
   # Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
   All counsel and parties no longer active in this litigation have been suppressed.

**This Report is Based on the Following Data Filters**
   Docket: 2171 - Capital One Bank Credit Card Interest Rate Hike
   For Open Cases

Docket: 2171 - IN RE: Capital One Bank Credit Card Interest Rate Hike Litigation
Status: Transferred on 06/11/2010
Transferee District: GAN    Judge: Forrester, J. Owen                                    Printed on 06/11/2010

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Fratkin, Bryan A.<br>MCGUIREWOODS LLP<br>One James Center<br>901 East Cary Street<br>Richmond, VA 23219 | =>Phone: (804) 775-4352  Fax: (804) 698-2100  Email: bfratkin@mcguirewoods.com<br>Capital One Bank (USA), N.A.*; Capital One Financial Corp.* |
| Tripodi, Elizabeth K.<br>FINKELSTEIN THOMPSON LLP<br>1050 30th Street, N.W.<br>Washington, DC 20007 | =>Phone: (202) 337-8000  Fax: (202) 337-8090  Email: etripodi@finkelsteinthompson.com<br>Mancuso, Nancy*; Roberti, Traci L.* |
| Webb, Edward Adam<br>WEBB KLASE & LEMOND LLC<br>1900 The Exchange, SE<br>Suite 480<br>Atlanta, GA 30339 | =>Phone: (770) 444-0773  Fax: (770) 444-0271  Email: adam@webbllc.com<br>Barker, Kevin S.; Baxter, Eric W.; Gaffney, Michael A.; Kautz, Rebekah L.; Lavallie, Richard J.; Solsberry, David E. |

Note: Please refer to the report title page for complete report scope and key.